**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s)**: _____    Caption [use short title] _____

**Motion for:** _____

_____

_____

Set forth below precise, complete statement of relief sought:

_____

_____

_____

_____

_____

_____

_____

**MOVING PARTY:** _____    **OPPOSING PARTY:** _____
    ☐ Plaintiff    ☐ Defendant
    ☐ Appellant/Petitioner    ☐ Appellee/Respondent

**MOVING ATTORNEY:** _____    **OPPOSING ATTORNEY**: _____
[name of attorney, with firm, address, phone number and e-mail]

_____

_____

_____

Court-Judge/Agency appealed from: _____

**Please check appropriate boxes:**    **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has movant notified opposing counsel (required by Local Rule 27.1):    Has request for relief been made below?    ☐ Yes  ☐ No
    ☐ Yes  ☐ No (explain): _____    Has this relief been previously sought in this Court?    ☐ Yes  ☐ No
        Requested return date and explanation of emergency: _____

Opposing counsel's position on motion:
    ☐ Unopposed  ☐ Opposed  ☐ Don't Know
Does opposing counsel intend to file a response:
    ☐ Yes  ☐ No  ☐ Don't Know

Is oral argument on motion requested?    ☐ Yes  ☐ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ☐ Yes  ☐ No  If yes, enter date: _____

**Signature of Moving Attorney:**
_____ Date: _____    Service by:  ☐ CM/ECF    ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

UNITED STATES COURT OF APPEALS

FOR THE

SECOND CIRCUIT

_____

Docket Number 14-1346

Consolidated With

Docket Number 14-2516

_____

**Fireman's Fund Insurance Company** *et al.*,

      **Plaintiff-Counter-Defendant-Appellants,**

**v.**

**Great American Insurance Company of New York,** *et al.*,

      **Defendants-Cross-Defendants-Counter-Claimants-Appellees,**

**v.**

**Signal International, LLC,**

      **Defendant-Cross-Defendant-Cross-Claimant – Appellant**

_____

**Signal Motion to Extend Deadline to File Appellant Brief**

NOW COMES, Appellant in consolidation Signal International, LLC ("Signal"), which moves this court to extend the deadline to file Appellant's Brief set by the Clerk prior to the Final Judgment to which Signal's has appealed being entered and Signal's right to appeal accruing.  Signal submits that, for the extraordinary circumstances set forth herein, an extension to the deadline to file Appellant Brief is warranted until the date Signal would have been required to file its Appellant Brief had the cases not been consolidated, October 28, 2014.

Signal and FFIC and the Appellees share certain positions, thus a single briefing schedule is appropriate and judicially efficient, even though each party's appellate arguments and ultimately relief requested may differ.  Thus, Signal moves this Court to extend the previously set deadline for the filing of both FFIC and Signal's Appellant's Brief until the date Signal's Appellant Brief would have been due under the Local Rules, October 28, 2014.  Likewise, Max Specialty and Great American Insurance Company ("Great American") have agreed that their respective Appellee Briefs would be due on the same date based on the extended Appellant Brief date.

Signal have notified all parties of its proposed motion and all parties consent to the extension of time to file and will not oppose the Motion to Extend the Deadline to file Appellant Brief and will not be filing an opposition.

# ARGUMENT

## I.     PROCEDURAL BACKGROUND

Signal appealed from the Order and Reasons issued by United States District Court Judge Oetken on March 31, 2014 (Dist. Ct. Rec. Doc. 308) **and** the subsequent Order entering a Final Judgment (Dist. Ct. Rec. Doc. 319) and Judgment entered by the Clerk (Dist. Ct. Rec. Doc. 320).  Signal's right to appeal accrued only after the entry of Final Judgment, and Signal was required file its Notice of Appeal by July 17, 2014. Signal filed its Notice of Appeal on July 15, 2014 and the Second Circuit Court of Appeals docketed the appeal, Docket No. 14-2516.  The Clerk of Court then administratively consolidated FFIC's appeal (Docket No. 14-1346) with Signal's appeal.  By telephone conference on July 18, 2014, the Clerk of Court notified Signal that it would be required to adhere to the briefing deadline previously set for FFIC's Appellant Brief, August 5, 2014. That deadline would require Signal to submit its Appellant brief within only fifteen (15) days.

## II.    SIGNAL HAD NO RIGHT TO APPEAL UNTIL ENTRY OF FINAL JUDGMENT BY THE DISTRICT COURT

The Order and Reasons (Rec. Doc. 308) issued by the District Court decided several separate cross Motions for Summary Judgment filed by all parties to the litigation.  Ultimately the District Court decided in favor of Max Specialty and

3

Great American, and against FFIC and Signal. As the Order and Reasons conclusively and finally resolved all of FFIC's claims, it had a right to an immediate appeal of the District Court's order. The District Court's Order as to Signal and Max Specialty, however, was an interlocutory ruling for which no appeal was available. 28 U.S.C. § 1291; *see also Lauro Lines s.r.l. v. Chasser,* 490 U.S. 495 (1989). As such, Signal sought to have the Order and Reasons certified as final or appealable under Federal Rule of Civil Procedure 54(b) or certify the interlocutory order as appealable under 28 U.S.C. § 1292. Max Specialty opposed that Motion. Prior to deciding that Motion, however, and upon the order of the District Court, Signal and Max Specialty entered a Stipulated Order that directed Final Judgment be entered. The District Court signed that Order on June 16, 2014 and the clerk entered Judgment on June 17, 2014. Thus the first date that Signal had any right to appeal was June 18, 2014. Pursuant to Federal Rule of Civil Procedure 4, Signal was required to file its Notice of Appeal by July 17, 2014. Signal timely filed its Notice of Appeal on July 15, 2014.

### III. SIGNAL WILL BE PREJUDICED IF NOT BE GIVEN THE FULL TIME ALLOWED BY THE LOCAL RULES TO BRIEF ITS POSITION

Local Rule 31.2 provides that:

> Within 14 days after the later of the appellant's receipt of the last transcript, the appellant's filing of the certificate that no transcript will be ordered, or the date the record is

4

> filed in FRAP 15 proceedings (the "ready date") the appellant must notify the clerk in writing of the deadline it requests for appellant's brief.  The deadline must be within 91 days after the ready date.  If the appellant fails to submit a scheduling request, the deadline for its brief is 40 days after the ready date.

Signal would have been required to certify that no transcript will be ordered by July 29, 2014.  Thus, July 29, 2014 would be the "ready date" pursuant to Local Rule 31.2.  Further to that Rule, Signal should then have fourteen (14) days to notify the clerk of the deadline it requests for its Appellant brief. By application of the local rules, the latest that brief could be due is October 28, 2014.  Signal will be prejudiced in preparing its Appellant Brief is held to the fifteen (15) day deadline currently set by the Clerk of Court.

## IV.   CONCLUSION

Signal appealed only last week and should be entitled to the full briefing schedule allowed by the Local Rules.  Signal respectfully moves the Court to extend the deadline for Signal and FFIC to file Appellants Briefs until October 28, 2014.  As noted, Appellees have agreed to submit their Appellee Briefs on the same date, which would in turn correspond to the October 28, 2014 Appellant Brief deadline.

## **PRAYER**

WHEREFORE, for the reasons stated herein and those facts set forth the accompanying affidavit of David S. Bland, counsel for Signal, Signal prays that the Motion be granted and the deadline to file Appellant Brief for Signal and FFIC be extended until October 28, 2014.

                                    Respectfully submitted,

Dated:　July 21, 2014
　　　　　New Orleans, LA

**Bland & Partners P.L.L.C.**
*Attorneys for Defendant-Cross Defendant-Cross Claimant-Appellant*
*Signal International, L.L.C.*

By: /s/ David S. Bland
David S. Bland
Matthew C. Guy
James D. Prescott, III
BLAND & PARTNERS P.L.L.C.
909 Poydras Street, Suite 1860
New Orleans LA 70112
(504) 528-3088
dbland@blandpartners.com
mguy@blandpartners.com

Stephen P. Kyne
BURKE & PARSONS
100 Park Avenue
New York NY 10017-5533
(212) 354-3800
kyne@burkeparsons.com

To: (Via ECF)

Stephen D. Straus

Adam Krauss

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

*Attorneys for Defendant*

*Max Specialty Insurance Company*

Mid Westchester Executive Park

Seven Skyline Drive

Hawthorne, NY 10532


George R. Zacharkow, Esq

Stephen J. Galati, Esq.

MATTIONI, LTD.

*Attorneys for Defendant*

*Great American Insurance Company of New York*

399 Market Street, 2nd Fl.

Philadelphia, PA 19106


John A.V. Nicoletti, Esq.

Robert Novak, Esq.

NICOLETTI HORNIG & SWEENEY

*Attorneys for Plaintiffs-Counter-defendants - Appellants*

*Fireman's Fund Insurance Company,*

*One Beacon Insurance Company,*

*National Liability and Fire Insurance Company*

*QBE Marine & Energy Syndicate 1036*Wall Street Plaza

88 Pine Street, 7th Fl.

New York, NY 10005-1801

jnicoletti@nicolettihornig.com

rnovak@nicolettihornig.com